## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

|  |  |  |
|---|---|---|
| **JOHN SERRA RODRIGUEZ,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CASE NO.** |
| **NESCO RESOURCE, LLC and TITAN FLORIDA LLC,** | ) | |
| **Defendants.** | ) | |

## DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL

Defendant, TITAN FLORIDA LLC ("Defendant"), by and through its undersigned counsel and in accordance with the Federal Rules of Civil Procedure and Title 28, United States Code, §§1331, 1441, and 1446, hereby files this Notice of and Petition for Removal of this action from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division. The removal of this action is made with the consent of Defendant Nesco Resource, LLC and is based upon the following:

1.    On March 17, 2023, Plaintiff, JOHN SERRA RODRIGUEZ ("Plaintiff") filed a Complaint in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, which was captioned "*John Serra Rodriguez v. Nesco Rescource, LLC and Titan Florida LLC*" (the "Circuit Court Case"). The Circuit Court Case was assigned Case No. 2023-CA-002309-O. A true and correct copy of the Complaint filed in the Circuit Court Case, along with copies of all other process, pleadings, and orders on file in the Circuit Court Case are attached to

this Notice of and Petition for Removal as *Exhibit A* as required by 28 U.S.C. § 1446(a). Defendant Nesco Resource, LLC filed a Motion for Enlargement of Time to Respond to the Complaint on April 19, 2023, but the motion is not reflected on the Circuit Court's docket. Defendant Titan Florida LLC has included the motion in *Exhibit A* as it is still pending in the Circuit Court.

2.      Plaintiff's four-count Complaint seeks relief for alleged racial discrimination and retaliation under the federal Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.* and under the Florida Civil Rights Act of 1992, as amended ("FCRA") Fla. Stat. 760.01 *et seq*.

3.      Because Plaintiff has asserted claims under Title VII, this action is within the original federal question jurisdiction of the United States District Court pursuant to 28 U.S.C. §1331.  This Court may exercise supplemental jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. §1367 because they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a).  Plaintiff's FCRA claims stem from the exact same set of facts and circumstances as Plaintiff's Title VII claims, *i.e.* Plaintiff's employment and termination thereof.  Plaintiff alleges the same claims of discrimination under both Title VII and the FCRA and incorporates the same factual allegations in support of both discrimination claims. Plaintiff also alleges the same claims of retaliation under both Title VII and the FCRA and incorporates the same factual allegations in support of both retaliation claims

4.      Defendant was first served with this lawsuit on March 24, 2023.  As such, this Notice has been filed within thirty (30) days after service of Plaintiff's initial pleading and is, therefore, timely pursuant to 28 U.S.C. §1446(b).

5.      A removal is not proper unless "all defendants who have been properly joined and served . . . consent to the removal of this action." 28 U.S.C. §1446(b)(2)(A).  Defendant Nesco Resource, LLC consents to the removal of this action and there is unanimous consent as required by 28 U.S. Code § 1446(b).  A copy of Defendant Nesco Resource, LLC's Notice of Consent to Removal is attached hereto as Exhibit B.

6.      Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide written notice of the removal to all adverse parties in this action and will file a copy of this Notice of and Petition for Removal in the Circuit Court of the Ninth Judicial Circuit Court in and for Orange County, Florida.

7.      The United States District Court for the Middle District of Florida, Orlando Division includes the judicial county in which Plaintiff filed his lawsuit.  Thus, removal is proper to this Court pursuant to 28 U.S.C. §1441(a).

WHEREFORE, Defendant, TITAN FLORIDA LLC, respectfully removes this action from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida to the United States District Court for the Middle District of Florida, Orlando Division.

DATED this 21st day of April, 2023.

Respectfully submitted,

**JACKSON LEWIS P.C.**
390 North Orange Avenue, Suite 1285
Orlando, FL 32801
Telephone:     (407) 246-8440
Facsimile:     (407) 246-8441

By:     */s/ Tasos C. Paindiris*
          Tasos C. Paindiris
          Florida Bar No. 0041806
          tasos.paindiris@jacksonlewis.com

Jacqueline M. Gardner
Florida Bar No. 1032521
Jacqueline.Gardner@jacksonlewis.com

*Attorneys for Defendant*
*Titan Florida LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of April, 2023, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Amanda E. Heystek, Esq. and Daniel E. Kalter, Esq., Wenzel Fenton Cabassa, P.A., 1110 N. Florida Avenue, Suite 300, Tampa, FL 33602, and Keith L. Hammond, Hammond Law Center, PO Box 470361, Celebration, FL 34747.

*/s/ Tasos C. Paindiris*
Tasos C. Paindiris

4866-7484-1694, v. 4

Exhibit A to Def's Notice of and Petition
for Removal
Rodriguez v. Nesco

# *EXHIBIT A*

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>NINTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>ORANGE</u>   COUNTY, FLORIDA

<u>JOHN SERRA RODRIGUEZ</u>
Plaintiff                                                Case # _____
                                                         Judge  _____

vs.

<u>NESCO RESOURCE LLC, TITAN FLORIDA LLC</u>
Defendant

---

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☒ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions

☐Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☒ Other
  ☐ Antitrust/Trade regulation
  ☐ Business transactions
  ☐ Constitutional challenge—statute or ordinance
  ☐ Constitutional challenge—proposed amendment
  ☐ Corporate trusts
  ☒ Discrimination—employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  4

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**    **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Amanda Erin Heystek</u>        Fla. Bar # <u>285020</u>
        Attorney or party                 (Bar # if attorney)

<u>Amanda Erin Heystek</u>          <u>03/17/2023</u>
 (type or print name)          Date

- 3 -

Filing # 168932552 E-Filed 03/17/2023 06:41:45 AM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA
CIVIL DIVISION

JOHN SERRA RODRIGUEZ,
    Plaintiff,

v.

NESCO RESOURCE LLC and TITAN
FLORIDA LLC,
    Defendants.
_____/

CASE NO.: 2023-CA-002309-O

*WLL 2494*
*3/24/23*

*12~*

## SUMMONS

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

    **YOU ARE HEREBY COMMANDED** to serve this Summons, a copy of the Complaint and Notice of Designation of Email Address, in this action on defendant:

**TITAN FLORIDA LLC
C/O CORPORATION SERVICE COMPANY
1201 HAYES STREET
TALLAHASSEE, FL 32301**

    Each defendant is required to serve written defenses to the complaint or petition on Amanda E. Heystek Plaintiff's attorney, whose address is Wenzel Fenton Cabassa 1110 N. Florida Avenue, Suite 300, Tampa, Florida 33602 within 20[1] days after the service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.
DATED on 03/17/2023.

| Printed: Amanda E. Heystek | **TIFFANY MOORE RUSSELL** |
|---|---|
| Attorney for Plaintiff | As Clerk of the Court |
| Address: Wenzel Fenton Cabassa | |
| 1110 N. Florida Avenue, Suite 300 | By: _~Kasey Sweney~_ |
| Tampa, Florida 33602 | As Deputy Clerk |
| Florida Bar No: 0285020 | (407) 836-2000 |

If you need special assistance due to a disability to participate in a court proceeding, please contact the Ninth Circuit Court Administration ADA Coordinator at the address or phone number below at least 7 days before your scheduled court appearance or immediately upon receiving an official notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.



**Civil Division
425 N. Orange Avenue
Room 350
Orlando, Florida 32801**

---

1 Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Filing # 168932552 E-Filed 03/17/2023 06:41:45 AM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA
CIVIL DIVISION

JOHN SERRA RODRIGUEZ,

      Plaintiff,

                                     CASE NO.:

v.

NESCO RESOURCE LLC and TITAN
FLORIDA LLC,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOHN SERRA RODRIGUEZ, by and through undersigned counsel, brings this

action against Defendants, NESCO RESOURCE LLC ("Defendant Nesco") and TITAN

FLORIDA LLC ("Defendant Titan"), and in support of his claims states as follows:

### JURISDICTION AND VENUE

1.     This is an action for damages in excess of $50,000, exclusive of interest, fees, and

costs, and for declaratory relief, for violations of Title VII of the Civil Rights Act of 1964, as

amended ("Title VII"), 42 U.S.C. § 2000e *et seq.* and the Florida Civil Rights Act of 1992, as

amended ("FCRA"), Fla. Stat. Section 760.01 *et seq.*

2.     Venue is proper in Orange County, because all of the events giving rise to these

claims occurred in this County.

### PARTIES

3.     Plaintiff is a resident of Ocseola County, Florida.

4.     Defendant Nesco operates a staffing service headquartered in Cuyahoga County,

Ohio.

5.      Defendant Titan operates an integrated construction company headquartered in Norfolk County, Virginia.

6.      Defendant Nesco assigned Plaintiff to work in Defendant Titan's facility in Orange County, Florida.

7.      Defendants operated as joint employers. Defendant Titan exerted control over the terms and conditions of Plaintiff's employment. Specifically, Defendant Titan trained, supervised, and had the ability to discipline Plaintiff. Further, Defendant Titan set Plaintiff's hours, provided tools and equipment for Plaintiff, and determined how Plaintiff performed his job duties.

## GENERAL ALLEGATIONS

8.      Plaintiff has satisfied all conditions precedent, or they have been waived.

9.      Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

10.     Plaintiff requests a jury trial for all issues so triable.

11.     At all times material hereto, Plaintiff was an employee of Defendants as defined by the FCRA and Title VII.

12.     At all times material hereto, Defendants each employed fifteen (15) or more employees. Thus, Defendants are "employers" within the meaning of the FCRA, Fla. Stat. Section 760.02(7), and Title VII, 42 U.S.C. § 2000e(b).

## FACTS

13.     Plaintiff began working for Defendants in December 2021 as a yard worker, and he worked in this capacity until March 2, 2022.

14.      Plaintiff is Hispanic.

2

15. Thus, Plaintiff is a member of a protected class, and as such benefits from the protections of Title VII and the FCRA.

16. Plaintiff performed the job for which he was hired in a satisfactory manner.

17. Throughout Plaintiff's tenure with Defendants, he was subjected to discrimination based on his race.

18. By way of example and not limitation, Plaintiff's supervisor, Alejandro Ponce Garcia, sarcastically asked if he needed to explain things to Plaintiff in English or Spanish.

19. Further Mr. Ponce Garcia frequently called Plaintiff a "cabrón," which translates to "mother****er" in English.

20. On or about February 25, 2022, Plaintiff met with two supervisors: Jean Bleu and Luis (l/n/u). In this meeting, Plaintiff objected to the discrimination and mistreatment he was facing at the hands of Mr. Ponce Garcia. Plaintiff also reported that Mr. Ponce Garcia had grabbed his hand and threatened him by saying he needed to watch his back. Mr. Ponce Garcia was eavesdropping on this meeting and repeatedly knocked on the door to get inside the office.

21. Plaintiff also made complaints to his contact with Defendant Nesco.

22. Defendants took no remedial action in response to Plaintiff's initial complaints.

23. Plaintiff continued to object to the discrimination that he faced.

24. Mr. Ponce Garcia worked the shift immediately before Plaintiff's on or about March 1, 2022. Plaintiff arrived at work before Mr. Ponce Garcia left for the day.

25. While Plaintiff was driving home from work on or about March 1, 2022, he noticed that his tire had been slashed.

26. Plaintiff returned to his worksite after he noticed the issue with his tire and changed it. Plaintiff brought the tire inside to Mr. Bleu to report the incident and that he believed

3

Mr. Ponce Garcia was responsible for the slashed tire. Mr. Bleu said that he would open an investigation when Mr. Acevedo, the plant manager, returned from his paternity leave. Mr. Bleu also said that he did not have access to the security cameras, and they could only be accessed by Mr. Acevedo and the Shift Committee. Plaintiff filed two police reports because of Mr. Ponce Garcia's conduct and Defendants' inaction.

27.     Defendants again failed to take any remedial action against Mr. Ponce Garcia.

28.     On or about March 3, 2022, in retaliation for Plaintiff's complaints of discrimination, Defendants terminated Plaintiff's employment for a pretextual reason.

### COUNT I – FCRA VIOLATION
### (DISCRIMINATION)

29.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

30.     Plaintiff is a member of a protected class under the FCRA.

31.     Plaintiff was subjected to disparate treatment on account of his race, including being subjected to racially discriminatory comments by his coworkers and terminated.

32.     Defendants' actions were willful and done with malice.

33.     Plaintiff was injured due to Defendants' violations of the FCRA, for which he is entitled to relief.

*WHEREFORE*, Plaintiff demands:

a)     A jury trial on all issues so triable;

b)     That process issue and this Court take jurisdiction over the case;

c)     Compensation for lost wages, benefits, and other remuneration;

d)     Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

4

e)      Any other compensatory damages, including emotional distress, allowable at law;

f)      Punitive damages;

g)      Prejudgment interest on all monetary recovery obtained.

h)      All costs and attorney's fees incurred in prosecuting these claims; and

i)      For such further relief as this Court deems just and equitable.

## COUNT II – FCRA RETALIATION

34.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

35.    Plaintiff is a member of a protected class under the FCRA.

36.    Plaintiff engaged in protected activity under the FCRA by objecting to the racial discrimination he experienced.

37.    Defendants retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

38.    Defendants' actions were willful and done with malice.

39.    By terminating Plaintiff's employment, Defendants took material adverse action against Plaintiff.

40.    Plaintiff was injured due to Defendants' violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)      A jury trial on all issues so triable;

b)      That process issue and that this Court take jurisdiction over the case;

5

c)  That this Court enter a declaratory judgment, stating that Defendants interfered with Plaintiff's rights under the FCRA;

d)  Compensation for lost wages, benefits, and other remuneration;

e)  Reinstatement of Plaintiff to a position comparable to his prior position, with back pay plus interest, pension rights, and all benefits;

f)  Front pay;

g)  Any other compensatory damages, including emotional distress, allowable at law;

h)  Punitive damages;

i)  Prejudgment interest on all monetary recovery obtained.

j)  All costs and attorney's fees incurred in prosecuting these claims; and

k)  For such further relief as this Court deems just and equitable.

## COUNT III – TITLE VII VIOLATION
### (DISCRIMINATION)

41.  Plaintiff realleges and readopts the allegations of paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

42.  Plaintiff is a member of a protected class under Title VII.

43.  Plaintiff was subjected to disparate treatment on the basis of his race, including being subjected to racially discriminatory comments by his coworkers and terminated.

44.  Defendants knew or should have known of the disparate treatment suffered by Plaintiff and failed to intervene or to take prompt and effective remedial action in response.

45.  Defendants' actions were willful and done with malice.

46.  Plaintiff was injured due to Defendants' violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

6

*WHEREFORE*, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

c)    An injunction restraining continued violation of Title VII by Defendants;

d)    Compensation for lost wages, benefits, and other remuneration;

e)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f)    Any other compensatory damages, including emotional distress, allowable at law;

g)    Punitive damages;

h)    Prejudgment interest on all monetary recovery obtained.

i)    All costs and attorney's fees incurred in prosecuting these claims; and

j)    For such further relief as this Court deems just and equitable.

## COUNT IV – TITLE VII RETALIATION

47.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

48.    Plaintiff is a member of a protected class under Title VII.

49.    Plaintiff exercised or attempted to exercise his rights under Title VII by objecting to the racial discrimination that he faced, thereby engaging in protected activity under Title VII.

50.    Defendants retaliated against Plaintiff for engaging in protected activity under Title VII by terminating his employment.

51.    Defendants' actions were willful and done with malice.

7

52.    In terminating his employment, Defendants took material adverse action against Plaintiff.

53.    Plaintiff was injured due to Defendants' violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHERFORE*, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

c)    That this Court enter a declaratory judgment, stating that Defendants retaliated against Plaintiff for exercising his rights under Title VII;

d)    That this Court enter an injunction restraining continued violation of Title VII by Defendants;

e)    Compensation for lost wages, benefits, and other remuneration;

f)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

g)    Front pay;

h)    Any other compensatory damages, including emotional distress, allowable at law;

i)    Punitive damages;

j)    Prejudgment interest on all monetary recovery obtained.

k)    All costs and attorney's fees incurred in prosecuting these claims; and

l)    For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 17th day of March 2023.

Respectfully submitted,

*/s/ Amanda E. Heystek*

**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
Direct Dial: 813-379-2560
**DANIEL E. KALTER**
Florida Bar No.: 1025094
Direct Dial: 813-438-8821
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: aheystek@wfclaw.com
Email: dkalter@wfclaw.com
Email: rcooke@wfclaw.com
**Attorneys for Plaintiff**

9

Filing # 168932552 E-Filed 03/17/2023 06:41:45 AM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA
CIVIL DIVISION

JOHN SERRA RODRIGUEZ,
     Plaintiff,

                               CASE NO.:

v.

NESCO RESOURCE LLC and TITAN
FLORIDA LLC,

     Defendants.
_____/

## NOTICE OF DESIGNATION OF E-MAIL
## ADDRESSES FOR SERVICE OF COURT DOCUMENTS

     Plaintiff, JOSH FRABOTTA, by and through undersigned counsel, files this Notice of
Designation of E-Mail Addresses for Service of Court Documents under Florida Rule of Judicial
Administration 2.516(b)(1)(A), and hereby designates the following e-mail addresses to be used
for service of all court filings in this action: aheystek@wfclaw.com; dkalter@wfclaw.com; and
rcooke@wfclaw.com.

     Dated this 17th day of March 2023.

                               Respectfully submitted,

                               */s/ Amanda E. Heystek*
                               **AMANDA E. HEYSTEK**
                               Florida Bar Number: 0285020
                               Direct Dial: 813-379-2560
                               **DANIEL E. KALTER**
                               Florida Bar No.: 1025094
                               Direct Dial: 813-438-8821
                               **WENZEL FENTON CABASSA, P.A.**
                               1110 N. Florida Avenue, Suite 300
                               Tampa, Florida 33602
                               Main Number: 813-224-0431
                               Facsimile: 813-229-8712
                               Email: aheystek@wfclaw.com
                               Email: dkalter@wfclaw.com
                               Email: rcooke@wfclaw.com
                               **Attorneys for Plaintiff**

Filing # 168932552 E-Filed 03/17/2023 06:41:45 AM

IN THE COUNTY/CIRCUIT COURT OF
THE NINTH JUDICIAL CIRCUIT, IN
AND FOR ORANGE AND OSCEOLA
COUNTY, FLORIDA

IN RE: CIVIL CASE MANAGEMENT
      PLAN AND ORDER

_____/

## STANDING CASE MANAGEMENT PLAN/ORDER
### (General Track)

      PURSUANT TO *In re: Comprehensive COVID-19 Emergency Measures for Florida Trial Courts*, **Fla. Admin. Order No.** AOSC20-23 (Amendment 12)[1] **(April 13, 2021)**, and Ninth Judicial Circuit Court Administrative Order No. 2021-04-01 (collectively the "Case Management Administrative Orders"), this case is before the Court for case management. Based on the case type of the initial filing in this case, the Case Management Administrative Orders, and pursuant to Rule 2.545, Fla. R. Gen. Prac. & Jud. Admin., the Court hereby establishes a case management plan. It is hereby

      **ORDERED** that:

      1.    **COMPLIANCE WITH THIS CASE MANAGEMENT PLAN/ORDER:** The parties shall strictly comply with the terms of this Case Management Plan/Order, unless otherwise ordered by the Court. FAILURE TO COMPLY WITH ALL REQUIREMENTS OF THIS ORDER WILL RESULT IN THE IMPOSITION OF SANCTIONS. If the parties believe that an alternate plan is required or more appropriate, then the parties shall meet, confer and agree on a plan that complies with the time standards set forth in Rule 2.250, Fla. R. Gen. Prac. & Jud. Admin. The parties may submit an agreed upon plan to the division judge for consideration, or set the matter for a case management conference.

      2.    **ADDITIONAL NINTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:** All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the following: (i) **Amended Administrative Order Establishing the Ninth Judicial Circuit Court Circuit Civil Court Guidelines** (AO 2012-03-01); (ii) **Amended Administrative Order Establishing the Ninth Judicial Circuit Courtroom Decorum Policy** (AO 2003-07-02) (iii) **Amended Administrative Order Establishing the Ninth Judicial Circuit Court County Civil Court Guidelines, Orange County** (AO2017-04-01) and (iv) any division-specific guidelines that may be applicable.

---

[1] Administrative Order No. AOSC20-23 terminated at 12:01 a.m. on June 21, 2021 and was replaced by Administrative Order No. AOSC21-17.

3.    **MODIFICATION OF THIS ORDER:** The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion/stipulation and Court order in accordance with applicable law.

4.    **SERVICE OF THIS ORDER WITH INITIAL PROCESS:** Pursuant to the Case Management Orders, the Plaintiff shall file a copy of this Order in the case. Any party serving an initial pleading (complaint, third-party complaint, etc.) in this case shall serve a copy of this Order together with initial service of process.

### CASE MANAGEMENT PLAN – GENERAL TRACK
*Note: All dates are to be calculated from the date of filing of the initial complaint unless otherwise noted.*

| | |
|---|---|
| Deadline for Service of Process: | 120 days |
| Deadline for Service of Process extended if not accomplished within 120 days: | 150 days, failing same, all unserved defendants are dismissed without prejudice |
| Deadline for Leave to Add Parties and Amend Pleadings: | Motions must be set for hearing and heard within 90 days from service on the last defendant, or deemed abandoned and denied |
| Motions to Dismiss, Motions for More Definite Statement, Motions to Strike and any objections to the pleadings: | Must be set for hearing and heard within 60 days from filing of the motion/objection, or deemed abandoned and denied. Non-movant shall timely submit a proposed order in the event the motion/objection is deemed abandoned and denied |
| Deadline for Completion of Fact and Expert Discovery: | 450 days (additional disclosure and discovery deadlines will be established by the Uniform Order Setting Pre-Trial and Trial in the case) |
| Pre-trial Motions, including Dispositive and *Daubert* Motions | Must be filed no later than 15 days after completion of discovery and heard no later than 7 days prior to the pre-trial conference, or deemed abandoned and denied |
| Mediation/Alternative Dispute Resolution | Within 30 days after completion of the depositions of all parties, counsel shall meet and confer regarding whether an early mediation would be productive to resolution of certain issues or the entire case. A final mediation shall occur no later than 30 days after completion of all discovery |

| Approximate Pre-Trial Conference: | 17 months<br>*Actual Date to be set by Trial Order* |
|---|---|
| Approximate Trial Date: | 18 months<br>*Actual date to be set by Trial Order* |

5. **NOTICES FOR TRIAL:** Within ten (10) days of the case being at issue as defined by Rule 1.440, Fla. R. Civ. P., the Plaintiff shall confer with opposing counsel/party regarding the anticipated length of trial and file a Notice for Trial. The Plaintiff shall forward a copy of the Notice for Trial to the Judicial Assistant at the Division email address noted on the Ninth Circuit website.

6. **DISCOVERY:** All counsel and unrepresented parties shall familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without court intervention whenever possible.

7. **SETTLEMENT:** *The case will not be removed from the docket until all documents necessary for closure of the case are filed with the Clerk and notification has been provided to the judicial assistant. A notice of settlement is not sufficient to remove the case from the trial docket.*

**DONE AND ORDERED** in Orange/Osceola County, Florida.

_____
Chief Judge

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator in your county at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**ORANGE COUNTY: Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303**

**OSCEOLA COUNTY: Court Administration, Osceola County Courthouse, 2 Courthouse Square, Suite 6300, Kissimmee, Florida, (407) 742-2417**

REV 04/29/2021

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA
CIVIL DIVISION

JOHN SERRA RODRIGUEZ,
      Plaintiff,

                                              CASE NO.:

v.

NESCO RESOURCE LLC and TITAN
FLORIDA LLC,
      Defendants.

_____/      **SUMMONS**

**THE STATE OF FLORIDA**:
To Each Sheriff of the State:

      **YOU ARE HEREBY COMMANDED** to serve this Summons, a copy of the Complaint and Notice of Designation of Email Address, in this action on defendant:

**NESCO RESOURCE LLC**
**C/O C T CORPORATION SYSTEM**
**1200 SOUTH PINE ISLAND ROAD**
**PLANTATION, FL 33324**

      Each defendant is required to serve written defenses to the complaint or petition on Amanda E. Heystek Plaintiff's attorney, whose address is Wenzel Fenton Cabassa 1110 N. Florida Avenue, Suite 300, Tampa, Florida 33602 within 20[1] days after the service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on 03/17/2023.

| | |
|---|---|
| Printed: Amanda E. Heystek<br>Attorney for Plaintiff<br>Address: Wenzel Fenton Cabassa<br>1110 N. Florida Avenue, Suite 300<br>Tampa, Florida 33602<br>Florida Bar No: 0285020 | **TIFFANY MOORE RUSSELL**<br>As Clerk of the Court<br><br>By: _/s/ St Green_<br>As Deputy Clerk<br><br>March 29, 2023 |

**If you need special assistance due to a disability to participate in a court proceeding, please contact the Ninth Circuit Court Administration ADA Coordinator at the address or phone number below at least 7 days before your scheduled court appearance or immediately upon receiving an official notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**Civil Division**
**425 N. Orange Avenue**
**Room 350**
**Orlando, Florida 32801**

_____

1 Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date  de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Exhibit B to Def's Notice of and Petition
for Removal
Rodriguez v. Nesco

# *EXHIBIT B*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOHN SERRA RODRIGUEZ,**

     **Plaintiff,**

**v.**

**NESCO RESOURCE LLC and TITAN**
**FLORIDA LLC,**

     **Defendants.**

_____/

**DEFENDANT NESCO RESOURCE LLC'S**
**NOTICE OF CONSENT TO REMOVAL**

Defendant, NESCO RESOURCE LLC, through its undersigned counsel, hereby gives notice of its consent to, and joinder in, the Notice of and Petition for Removal filed by co-Defendant, TITAN FLORIDA LLC, for the removal to the United States District Court, Middle District of Florida, Orlando Division of the action pending in the Circuit Court, Ninth Judicial Circuit in and for Orange County, Florida, under case number 2023-CA-002309, Division 37, and styled "JOHN SERRA RODRIGUEZ, Plaintiff, v. NESCO RESOURCE LLC and TITAN FLORIDA LLC, Defendants."

Respectfully submitted this 19th day of April, 2023.

                       KEITH L. HAMMOND, P.A.
                       Hammond Law Center
                       P.O. Box 470361
                       Celebration, Florida 34747
                       Telephone: (407) 730-9909
                       Facsimile: (800) 861-0585
                       Primary: keith@hammondlawcenter.com
                       Secondary: admin@hammondlawcenter.com

By: */s/ Keith L. Hammond*
Keith L. Hammond
Fla. Bar No. 0164798
Attorney for Defendant
NESCO RESOURCE LLC